### SMITH and others *vs.* WILCOX and others.

A contract to publish an advertisement in a newspaper issued on *Sunday*, is an agreement to do an act prohibited by the statute relative to servile labor and the sale of wares and merchandise on that day ; and the price stipulated for the service cannot be recovered.

APPEAL from a judgment rendered at a special term. The plaintiffs were the proprietors and publishers of a newspaper, in the city of New York, styled " The Sunday Courier." The respondents, partners in trade, doing business in the city of Albany, under the name of Wilcox & Co., agreed to pay the plaintiffs the sum of ninety dollars for the publication of a certain advertisement in their said paper for the period of six months ; which advertisement was duly published, pursuant to agreement, and the publication admitted by the respondents. Nothing in the case showed the character of the advertisement in question. The paper went to press on Saturday night, and was issued on Sunday morning, and sold and distributed during that day. The cause was tried February 6, 1855, before Mr. Justice ROOSEVELT and a jury, and a verdict rendered in favor

of the plaintiffs, subject to the opinion of the court. February 12, 1855, the court being of opinion that judgment should be entered for the defendants, judgment was accordingly so entered. (*See S. C.* 19 *Barb.* 581.) Whereupon the plaintiffs appealed to the general term.

*John Fowler, jun.* for the appellants. I. A contract made on Sunday, or to be performed on Sunday, is valid. (*Story* v. *Elliot*, 8 *Cowen*, 27. *Sayles* v. *Smith*, 12 *Wend.* 57. *Boynton* v. *Page*, 13 *id.* 425.) (1.) Nothing is prohibited except "*servile* labor," and the exposure "to sale of any wares, merchandise," &c. (1 *R. S.* 83, (676,) 4*th ed. See Webster's Dictionary, word "servile.*") (2.) The cases of *Watts* v. *Van Ness*, (1 *Hill*, 76,) and *Stewart* v. *Hawley*, (21 *Wend.* 552,) are not in point. (3.) The statute is in derogation of the common law, and must be strictly construed.

II. No "*servile* labor," to be performed on a Sunday, was called for, or done, under the contract in question. (1.) The contract did not obligate the appellants to print, or even circulate, the paper on Sunday. (2.) The court will not presume that a party intended to violate the law by a contract, where a different interpretation can be put upon it.

III. There was nothing in the contract requiring any exposure "to sale of any wares, merchandise," &c. on Sunday. (1.) A gratuitous distribution or circulation of books or papers on Sunday, violates no law of this state. (2.) No provision was made in the contract, that the appellants should sell, distribute or circulate the paper on Sunday. (3.) The universal custom is not to limit the sale or publication or circulation of a paper to the day of its date or publication.

IV. A party resisting a recovery upon a contract on the ground of its illegality, holds the affirmative of the question; and if the evidence adduced against him is indefinite or uncertain, the court may direct a verdict against him. (*Bank of U. S.* v. *Davis*, 2 *Hill*, 452.) (1.) In the present case, the respondents did not clearly establish any intended illegality. (2.) A verdict in favor of the plaintiffs (appellants) having

Smith *v.* Wilcox.

been rendered, this court should order judgment for them on the verdict.

*John J. Tyler,* for the respondents. I. A contract to do an illegal act is void, and cannot be the basis of an action. The law leaves the parties to the contract where it finds them, and will not enforce it nor compel a return of the money paid under it. (*Perkins* v. *Savage,* 15 *Wend.* 412. *Nellis* v. *Clark,* 4 *Hill,* 424. 2 *id.* 451.)

II. The contract to publish in the Sunday Courier was illegal and void. It was to perform servile labor on Sunday, to wit, to publish an advertisement on that day, and is directly within the statute. (1 *R. S.* 3*d ed. p.* 849, §§ 66, 67. *Watts* v. *Van Ness,* 1 *Hill,* 76. *Palmer* v. *Mayor &c. of N. Y.,* 2 *Sand.* 318. *Stewart* v. *Hawley,* 21 *Wend.* 552. *Northrup* v. *Foot,* 14 *id.* 248. *Smith et al.* v. *Wilcox,* 19 *Barb.* 581.)

III. The plaintiffs had a public place for the selling of the papers on Sunday, which are clearly an article of merchandise within the statute. (1 *R. S.* 3*d. ed., p.* 849, §§ 66, 67. *Boynton* v. *Page,* 13 *Wend.* 425.) The issue or publication commenced by selling the papers, and was carried out by the news boys, selling them in the streets on Sunday; and the publication includes the whole, from the first issue on Sunday morning until the paper reaches the hand of the reader; and the proprietors are responsible for the means they use in distributing the paper on Sunday, to wit, the news boys. The contract to publish the advertisement includes it all.

IV. Sunday includes the whole time from 12 o'clock Saturday night until 12 o'clock Monday morning. (*Butler* v. *Kelsey,* 15 *John.* 177.) And if it was only the solar day it would not apply to this case, as the contract was to publish on Sunday, and they did publish and sell on that day.

*By the Court,* MITCHELL, P. J. The evidence shows that the plaintiffs published the "Sunday Courier," a newspaper which went to press about 10 o'clock on Saturday night, and was ready to be issued between 2 and 4 o'clock on Sunday morning;

and that it was issued and sold at the plaintiffs' office on Sunday, and on that day only. The plaintiffs had published an advertisement for the defendants, in that paper, for six months, and sued for $90, the contract price for this work.

The statute for the observance of Sunday prohibits servile labor, and the sale of any wares or merchandise, on that day. The printing of the paper is servile labor, and was done partly on that day. The paper, when ready for sale, is an article of merchandise ; it was to be distributed and sold, and to be cried about the streets, only on Sunday. The printing, and the sale or distribution, were therefore each illegal ; and no action can be sustained on the contract to do those things. The judge, on the trial, ordered judgment for the defendants. The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, September 14, 1857. *Mitchell, Roosevelt* and *Peabody,* Justices.]